UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DAVID L. EMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-00848-WEC |
| | ) |
| AEGIS LENDING CORPORATION, | ) Hon. William E. Callahan, Jr. |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION TO DECERTIFY CLASS, DISMISS INDIVIDUAL CLAIMS
WITH PREJUDICE, AND DISMISS CLASS CLAIMS WITHOUT PREJUDICE**

**I.      INTRODUCTION**

Plaintiff David L. Emerson individually and on behalf of the Class ("Emerson" or "plaintiff") and defendant Aegis Lending Corporation ("Aegis"), through their respective counsel, submit this memorandum of law in support of their joint motion to decertify the class and dismiss this action.

Decertification of the class and dismissal of the action is warranted because: (1) Aegis has been in bankruptcy since August 2007, and will not be able to satisfy any class-wide judgment in this action; (2) the United States Court of Appeals for the Seventh Circuit's decision in Murray v. New Cingular Wireless Services, Inc., 523 F.3d 719 (7th Cir. 2008), confirms that the claims of Emerson and the class may be unlikely to succeed on the merits; (3) no class list exists, and there is no feasible way to assemble a class list; and (4) allowance of this motion will not prejudice the rights of the class.  For these, and for the reasons that follow, the Court should decertify the class, dismiss plaintiffs' individual claims with prejudice and dismiss the claims of the class without prejudice and without notice to the class.

## II.   BACKGROUND

Plaintiff filed this action on August 11, 2005, seeking recovery for himself and a putative class for claimed violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").  Plaintiff alleges that Aegis accessed his credit report without his authorization in order to mail plaintiff an offer from Aegis for a residential mortgage refinance loan.  *See* Compl. at ¶¶ 6-10.  Aegis's offer informed Emerson that he was "pre-qualified" for a mortgage refinance loan of "$40,000 or more."  *See* Exhibit A to Complaint.  Plaintiff, alleged in the Complaint the offer he received was not a "firm offer of credit" as that term is defined under FCRA, and, therefore, the accessing of his credit data by Aegis violated 15 U.S.C. § 1681b.  Compl. at ¶ 17.

Plaintiff filed a Motion for Class Certification on January 25, 2006, seeking certification of a class consisting of "all persons with Wisconsin addresses to whom Defendant sent solicitations in the form of Exhibit A [to the Complaint] since November 20, 2004."  Dkt. No. 24.  On August 17, 2006, the Court granted plaintiff's motion for class certification.  Dkt. No. 61.

On August 13, 2007, Aegis filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which proceeding remains pending under the name and style *In re Aegis Mortgage Corporation, et al.*, Chapter 11 Case No. 07-11119 (BLS) (D. Del. Aug. 13, 2007).  *See* Notice of Suggestion of Bankruptcy, Dkt. No. 81.  The proceedings in this Court have been stayed since that date.

On January 28, 2010 the Court held a telephone status conference, at which status conference plaintiff's counsel advised the Court that plaintiff wishes to dismiss this case with prejudice.  *See* Dkt. No. 87.  Aegis does not oppose this request.  Id.  The Court instructed plaintiff to file a voluntary dismissal.

### III. ARGUMENT

Under Rule 23(c)(a)(C) of the Federal Rules of Civil Procedure, the Court may revisit a previous order certifying a class. *See* Fed. R. Civ. P. 23(c)(a)(C) ("An order [to certify a class] may be altered or amended before final judgment."); *General Tel. Co. of Southwest. v. Falcon*, 457 U.S. 147, 160 (1982) ("[e]ven after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation."). As further detailed below, decertification and dismissal are appropriate here.

#### A. Class Recovery Is Unlikely Given Aegis's Bankruptcy

As noted above, Aegis filed for Chapter 11 bankruptcy in August 2007. Having ceased business operations since that time, Aegis could not satisfy any judgment that could enter, regardless of plaintiff's likelihood of success. Decertification, therefore is warranted in light of the fact that class recovery in this matter is speculative at best. *See, e.g., Barnett v. Experian Information Solutions, Inc.*, 236 F.R.D. 307, 308 (E.D. Tex. 2006) (court decertified class in case where defendant had been in bankruptcy for several years, which made class recovery unlikely); *see also* Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 1785.4 (3d ed.). Indeed, as discussed in more detail below, class recovery is even more unlikely in this case in light of the Seventh Circuit's holding in *Murray*. In light of Aegis's status, continuation of this litigation will be costly to the parties with no advantage to be gained by any party or class member involved.

#### B. Even If Aegis Were Not In Bankruptcy, Plaintiff's Claims Are Significantly Less Likely to Succeed In Light Of Recent Seventh Circuit Precedent

As noted above, Emerson's Complaint arises out of an unsolicited offer for a mortgage loan that he received in the mail from Aegis in 2005. Emerson's sole claim is that the offer was not a "firm offer" under FCRA. Plaintiff's case relies on the Seventh Circuit's decision in *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004), which held that a firm offer under FCRA

must have "value." *See Cole*, 389 F.3d at 728. In *Murray v. New Cingular Wireless*, 523 F.3d 719 (7th Cir. 2008), however, the Seventh Circuit clarified its holding in *Cole*, and called into question the legal premise upon which the Complaint in this action is based.

In *Murray*, the Seventh Circuit first addressed the issue of whether *Cole* requires a firm offer to "be valuable to all or most recipients." *Murray*, 523 F.3d at 720. The Court opined that its holding in *Cole* was intended for the limited purpose of preventing merchants from obtaining consumer credit information by making token offers of credit in connection with an offer to sell merchandise. *Id.* at 721-722. The Court made clear that "pure offers of credit" do not need to meet the "value test" announced in *Cole*. *Id.* The Seventh Circuit also clarified that a firm offer need not set forth all of the offer's material terms to comply with FCRA. *Murray*, 523 F.3d at 723. Specifically, the Court looked to the statutory definition of "firm offer" and concluded that nothing "in FCRA says that the initial communication to a consumer must contain all the important terms that must be agreed on before credit is extended." *Id.* The Court reasoned that to hold otherwise would render firm offers "turgid, and … uninformative" because they would "be harder to read and grasp." *Id.*

Viewing Emerson's Complaint in light of the *Murray* decision, and even discounting Aegis' bankruptcy and inability to satisfy a judgment, it is clear that Emerson's individual and class claims are considerably less likely to succeed. The offer at issue in this case was for a residential mortgage loan, and not for a consumer good, such as an automobile. Under *Murray*, Aegis's offer is not subject to the "value test" announced in *Cole*. *See Murray*, 523 F.3d at 720. Further, while Aegis's offer does not contain all material terms, *Murray* confirms that it need not in order to comply with FCRA. *See Id.* at 721-723. Considering Aegis's bankruptcy and the *Murray* decision together, plaintiff and the class are unlikely to succeed on the merits of their

claims and are unlikely to recover anything from Aegis even if the claims were to eventually succeed.

### C. The Court Should Not Require Notice To The Class

The Court should not require that notice of the dismissal be sent to the class for three reasons. First, no notice was sent to class members, notifying them that the Court had certified a class. The parties are unaware of any publicity in mass-market media relating to this action. As such, there is little possibility that class members have relied upon the certification order in this action.

Second, to the extent any class member has relied on the certification order in this case, that reliance is not reasonable in light of the *Murray* decision which indicates that the class claims are unlikely to succeed.

Third, class notice is impracticable, if not impossible in this case. Aegis does not possess a class list, and there is no feasible way in which to reconstruct the list of people who received the firm offer in the form attached as Exhibit A to the Complaint. The Court should weigh the considerable logistical issues that would attend any class notice against the remote possibility of recover in this case, and should waive the requirement of class notice in this case.

### D. Decertification And Dismissal Will Not Prejudice The Class

The class will not be prejudiced by decertification and dismissal. Taken together, the Seventh Circuit's decision in *Murray*, and Aegis's bankruptcy make the possibility of class recovery remote. Thus, there is no prejudice to any class member in the decertification and dismissal of this action. In any event, the dismissal of the class claims will be without prejudice so, any class member may opt to pursue a case on their own, if they disagree with the Court's dismissal of the action.

## IV. CONCLUSION

For all the foregoing reasons, the parties jointly move the Court to decertify the class, dismiss plaintiff's individual claims with prejudice and dismiss the claims of the class without prejudice.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| DAVID L. EMERSON, | AEGIS LENDING CORPORATION, |
| By his attorneys, | By its attorneys, |
| S/ John D. Blythin | S/ Brian M. Forbes |
| Robert K O'Reilly | *Pro Hac Vice* |
| John D Blythin | R. Bruce Allensworth |
| David M Victor | Brian M. Forbes |
| ADEMI & O'REILLY LLP | Gregory N. Blase |
| 3620 E Layton Ave | K&L GATES LLP |
| Cudahy, WI 53110 | State Street Financial Center |
| 414-482-8000 | One Lincoln Street |
| Fax: 414-482-8001 | Boston, MA 02111 |
| Email: jblythin@ademilaw.com | Telephone: (617) 261-3100 |
| | Facsimile: (617) 261-3175 |
| | E-mail: bruce.allensworth@klgates.com |
| |         brian.m.forbes@klgates.com |
| |         gregory.blase@klgates.com |
| | Kenneth R. Nowakowski |
| | State Bar No. 1015226 |
| | Edward J. Heiser, Jr. |
| | State Bar No. 1012427 |
| | Ann M. Maher |
| | State Bar No. 1000529 |
| | WHYTE HIRSCHBOECK DUDEK S.C. |
| | 555 East Wells Street, Suite 1900 |
| | Milwaukee, WI 53202 |
| | Telephone: (414) 273-2100 |
| | Facsimile: (414) 223-5000 |
| | E-Mail: knowakowski@whdlaw.com |
| |         eheiser@whdlaw.com |

Dated: April 15, 2010